JULIA SMITH GIBBONS, Circuit Judge,
concurring.
CONCURRENCE
I agree with the result reached by the majority, but I differ in my analysis of the meaning of “direct and independent knowledge.” 31 U.S.C. § 3730(e)(4)(B). The majority is correct that the records and experts relied upon by the Antoons could not support their knowledge of the fraud they alleged. Even assuming that the An-toons could rely completely on secondhand knowledge, the Antoons had at most, as the majority notes, a set of facts and inferences that gave them a “ ‘mere suspicion,’ ” Maj. Op. at 620 (quoting United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 353 (4th Cir.2009)), that fraud had occurred. But the Antoons’ complete reliance on “ ‘speculation or conjecture,’ ” id. (quoting United States ex rel. Aflatooni v. Kitsap Physicians Servs., 163 F.3d 516, 526 (9th Cir.1998)), means that we need not fully answer the question of what sort of knowledge is “direct and independent” under § 3730(e)(4)(B).[1]
’ But since the majority addresses that question, I believe the better approach would hew more closely to that of the Findley court. In other words, “to be ‘direct,’ the information must be first-hand *621 knowledge.” United States ex rel. Findley v. FPC-Boron Emps.’ Club, 105 F.3d 675, 690 (D.C.Cir.1997), abrogated on other grounds as recognized by United States ex rel. Davis v. District of Columbia, 679 F.3d 832, 837-39 (D.C.Cir.2012). Certainly, a relator need not have first-hand knowledge of all of the information supporting his allegations, see United States ex rel. Springfield Terminal Ry. Co. v. Quinn, 14 F.3d 645, 656-57 (D.C.Cir.1994), but he must have at least some first-hand knowledge of that information. See United States ex rel. Branhan v. Mercy Health Sys. of Sw. Ohio, 188 F.3d 510 (6th Cir.1999) (unpublished table decision) (citing United States ex rel. McKenzie v. BellSouth Telecomms., Inc., 123 F.3d 935, 943 (6th Cir.1997), to hold that relator cannot be an original source without first-hand knowledge). As the Third Circuit has explained, “[s]ome reliance on public records or information is acceptable.... [but] courts must be mindful of suits based only on secondhand information, speculation, background information or collateral research.” United States ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 522-23 (3d Cir.2007) (emphasis added) (internal quotation marks omitted). The relator may have personal knowledge of the defendant’s business practices, for instance, but not of its representations to the federal government. See Minn. Ass’n of Nurse Anesthetists v. Allina Health Sys. Corp., 276 F.3d 1032, 1050 (8th Cir.2002).
A personal knowledge requirement seems to me a closer reading of the cases from our sister circuits. In fact, this is quite possibly what the Aflatooni and Vuyyuru courts meant when they dismissed the claims before them as founded on suspicion and conjecture. See Vuyyuru, 555 F.3d at 352-53 (citing Rockwell Int’l Corp. v. United States, 549 U.S. 457, 474-75, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007)) (holding that a doctor-relator could not establish direct knowledge of a hospital’s fraudulent billing after he “had withdrawn from practicing” there at the time of the alleged fraud); Aflatooni, 163 F.3d at 525 (equating direct knowledge with first-hand knowledge). When courts have defined “direct” as, say, “marked by the absence of intervening agency,” they have often applied this phrase to require some amount of first-hand knowledge. See, e.g., United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential Ins. Co., 944 F.2d 1149, 1160-61 (3d Cir.1991) (finding no direct knowledge where relator acquired information “through two intermediaries”); accord United States ex rel. Hafter v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1162-63 (10th Cir.1999); United States ex rel. Barth v. Ridgedale Elec., Inc., 44 F.3d 699, 703 (8th Cir.1995); see also United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg’l Healthcare Sys., 384 F.3d 168, 178-79 (5th Cir.2004) (“[B]y [relator’s] own admission, the knowledge that she brings to the case is almost entirely indirect — that is, based on research and review of public records, not ... her own observation.”). This conclusion also comports with the “theme recurring through the legislative history [of the 1986 amendments] ... to encourage persons with first-hand knowledge of fraudulent misconduct to report fraud. Congress sought to stop the ‘conspiracy of silence’ among employees of corporations engaging in fraud.” Prudential Ins. Co., 944 F.2d at 1154 (quoting S.Rep. No. 99-345, at 4 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5269); cf. Rockwell Int’l Corp., 549 U.S. at 475, 127 S.Ct. 1397 (“Because Stone was no longer employed by Rockwell at the time, he did not know that the pondcrete was insolid.... ” (emphasis added)).
In addition to aligning more closely with case law, a rule of some first-hand knowledge comports with the normal meaning of *622 “direct” as applied to evidence. Direct evidence is testimony of a witness about what that witness personally saw or heard or did. Sixth Circuit Pattern Jury Instructions § 1.06(2) (West 2013); see also 1 Clifford S. Fishman & Anne T. McKenna, Jones on Evidence § 1:5 (7th ed.2014). In other words, direct evidence is based on first-hand knowledge. The knowledge possessed by the Antoons is based on their investigation of records created and maintained by others, and this is not first-hand. To the extent they have first-hand knowledge, it does not extend to having witnessed Kaouk’s presence or absence during surgery or to the filing of any claims with the government. Because the An-toons do not qualify as an original source, I agree that their complaint must be dismissed.

. This is especially true since the class of claims governed by that language is finite and shrinking, see 31 U.S.C. § 3731(b), after the 2010 amendments to the original source definition.